UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KERTRANKA GORDON-PARMS**          **CIVIL ACTION NO.**

**VERSUS**                          **24-575-JWD-EWD**

**HEATHER DENTON, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 7, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KERTRANKA GORDON-PARMS**  **CIVIL ACTION NO.**

**VERSUS**  **24-575-JWD-EWD**

**HEATHER DENTON, ET AL.**

### MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER

Before the Court is the self-styled "Amended Petition for Tort Damages Jury Trial Demanded" of Kertranka Gordon-Parms ("Gordon-Parms"), who is representing herself.[1] Because Gordon-Parms is proceeding *in forma pauperis* (without prepaying the required filing fee) in this case and has failed to state a claim after leave to amend, it is recommended that this case be dismissed without prejudice on the Court's own motion under 28 U.S.C. § 1915(e).

**I.    BACKGROUND**

On or about July 15, 2024, Gordon-Parms filed her original "Petition for Tort Damages" in this Court, naming as defendants Heather Denton, Kenric Eames, Al Patel, Comfort Inn, Inc., and XYZ Insurance Company.[2]  Gordon-Parms represents that she is homeless, and that the manager of the Comfort Inn hotel has occasionally allowed her to make reservations and has occasionally allowed Gordon-Parms' family to sleep in a car on the premises of the hotel. According to Gordon-Parms, on January 4, 2024, she and her family "successfully made reservation at Comfort Inn, scheduling for January 22, 2024 through January 26, 2024." However, when Gordon-Parms arrived at Comfort Inn as scheduled, she was informed by a Comfort Inn receptionist that "Comfort Inn must rescind [the] reservation under said account because an influx

---

[1] R. Docs. 4, 10. Documents in the Court record are referred to as "R. Doc. __."

[2] R. Doc. 1.

certified mail #  7018 0360 0001 1615 6940

of tourists planned to visit for Mardi Gras whereas Comfort Inn values holiday guests above the homeless population."³ After she submitted grievances to various Comfort Inn representatives complaining about the receptionist's remarks, Gordon-Parms said she was "verbally evicted" from the Comfort Inn premises and told not to return.⁴

Gordon-Parms' original "Petition" sought relief under 42 U.S.C. § 1983, based on "denial [of] due process under the equal protection clause…violating [the] Fourteenth Amendment to the United States Constitution." She asserted that this Court had federal question jurisdiction because of this claim.⁵

On July 24, 2024, this Court issued an Order explaining that a plaintiff asserting a claim under 42 U.S.C. § 1983⁶ must demonstrate that a defendant (1) deprived her of her constitutional rights and (2) acted under color of state law.⁷ While Gordon-Parms alleges a claim against Defendants for violation of her due process rights under the Fourteenth Amendment to the United States Constitution, the Court's Order explained that the "Petition" did not say that the Defendants were state actors, nor did it say Defendants' actions were fairly attributable to the state or that the Defendants conspired with any state actors.⁸

---

³ R. Doc. 1, p. 3.

⁴ R. Doc. 1, p. 4.

⁵ R. Doc. 1, p. 1.

⁶ 42 U.S.C. § 1983: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable...."

⁷ R. Doc. 3, p. 3, citing *Williamson as Next Friend of J.S.W. v. Presbyterian Christian School, Inc.*, No. 18-15, 2018 WL 10419234, at *3 (S.D. Miss. Oct. 2, 2018), citing *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017).

⁸ *See Williamson*, 2018 WL 10419234, at *3.

2

Gordon-Parms was given until August 20, 2024 to file an amended complaint to attempt to adequately state a claim.[9] On August 16, 2024, Gordon-Parms requested an extension of time to file her amended complaint,[10] which the Court granted.[11] On September 6, Gordon-Parms timely filed her "Amended Petition for Tort Damages Jury Trial Demanded."[12] However, because Gordon-Parms' amended complaint still fails to state a claim, it is recommended that the case be dismissed.

## II.    LAW AND ANALYSIS

This Court may dismiss a claim by a plaintiff who has been granted permission to file suit without prepaying the required fees ("IFP"), if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[13] To determine whether a complaint fails to state a claim under § 1915(e), courts apply the same standard used for dismissal under Federal Rule of Civil Procedure 12(b)(6).[14] This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff (here, Gordon-Parms).[15] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[16] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[9] R. Doc. 7.

[10] R. Doc. 6.

[11] R. Docs. 6, 7.

[12] R. Doc. 10.

[13] 28 U.S.C. §1915(e). Gordon-Parms was granted IFP status on July 25, 2024. R. Doc. 4.

[14] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6).

[15] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

for the misconduct alleged."[17] For a complaint to survive dismissal, it must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.[18]

As explained to Gordon-Parms in the Court's prior Order, a plaintiff asserting a claim under 42 U.S.C. § 1983[19] must demonstrate that a defendant (1) deprived her of her constitutional rights and (2) acted under color of state law.[20] Because private individuals generally are not considered to act under state law, a private individual's actions may only be deemed state action if the defendant's conduct is fairly attributable to the state.[21] Otherwise, when non-state actors are involved, in order to hold them liable on a § 1983 claim, "they must have engaged in a conspiracy with state actors to violate [her] constitutional rights."[22]

Gordon-Parms' amended complaint adds new allegations in support of her 42 U.S.C. § 1983 claim.[23] However, she fails to provide facts establishing that the Defendants (the alleged owner of a hotel and its employees) were acting under color of state law. Instead, Gordon-Parms offers only the following conclusory allegation: "The challenged conduct of Defendants constitutes state action; then that conduct is also state action under color of state law supporting a

---

[17] *Ashcroft,* 556 U.S. at 678.

[18] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).

[19] 42 U.S.C. § 1983: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable...."

[20] R. Doc. 3, p. 3, citing *Williamson*, 2018 WL 10419234, at *3, citing *Moody*, 868 F.3d at 351.

[21] R. Doc. 3, p. 3, citing *Williamson*, 2018 WL 10419234, at *3, citing *Moody*, 868 F.3d at 352.

[22] R. Doc. 3, p. 3, citing *Williamson*, 2018 10419234, at *3, citing *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008).

[23] R. Doc. 10, pp. 6-7.

4

claim under section 1983."[24] The amended complaint does not explain how a hotel, and individuals working there, were acting under color of state law.[25]

Although courts treat *pro se* pleadings more liberally, some facts must be alleged that convince the court that the plaintiff has a colorable claim; conclusory allegations will not suffice.[26] Here, there is no factual basis to support the allegation that the "challenged conduct of Defendants constitutes state action."[27] Moreover, there is no factual basis to support the allegation that the Defendants acted under color of state law.[28] Accordingly, Gordon-Parms has again failed to state a valid 42 U.S.C. § 1983 claim.[29]

Accordingly,

---

[24] R. Doc. 10, p. 6, citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982). The *Lugar* case does not help Gordon-Parms' argument because that case involved a clerk of state court who issued a writ of attachment for the petitioner's property, which was then executed by the County Sheriff. The petitioner in *Lugar* alleged that the private defendant, Edmondson Oil Co., Inc., had acted jointly with the State to deprive him of his property without due process of law. 457 U.S. at 925. The Supreme Court held that the petitioner presented a valid cause of action under 42 U.S.C. § 1983 because the State created a system whereby state officials would attach property on the *ex parte* application of one party to a private dispute. 457 U.S. at 942. The facts alleged by Gordon-Parms are not analogous to the facts of *Lugar*, as Gordon-Parms has not alleged that the Defendants in her case were willful participants in any joint activity with the State or its agents. 457 U.S. at 941.

[25] Gordon-Parms also has not stated a valid claim under Title II of the Civil Rights Act of 1964, which prohibits discrimination in public accommodations:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

*Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 349 (5th Cir. 2008), citing 42 U.S.C. § 2000a; *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241 (1964). Here, Gordon-Parms has not alleged discrimination or segregation on the basis of race, color, religion, or national origin. Instead, she alleges that Defendants discriminated based on her status as a homeless person.

[26] *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988).

[27] *See Mills*, 837 F.2d at 679.

[28] *See Mills,* 837 F.2d at 679.

[29] *Williamson*, 2018 WL 10419234, at *3 and *Oneida Indian Nation of N.Y. State v. Oneida County, New York*, 414 U.S. 661, 666 (1974).

5

**IT IS RECOMMENDED** that all claims of Plaintiff Kertranka Gordon-Parms asserted in this matter be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e).

**IT IS ORDERED** that the Clerk of Court shall send this Magistrate Judge's Report, Recommendation, and Order to Plaintiff Kertranka Gordon-Parms by regular and by certified mail, return receipt requested, to the address listed on PACER.

Signed in Baton Rouge, Louisiana, on May 7, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**